**F I L E D**

UNITED STATES COURT OF APPEALS

**August 4, 2006**

TENTH CIRCUIT

JAYSON PREBLE,

      Petitioner-Appellant,

v.

AL ESTEP,

      Respondent-Appellee.

No. 06-1195

(D.C. No. 05-CV-2619-ZLW)

(D. Colorado)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Jayson Preble, a Colorado state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. Because we conclude that Preble has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a COA and dismiss the matter.

I.

Preble is an inmate at the Limon, Colorado, Correctional Facility. In August 2003, Preble was charged by prison officials with five violations of the Colorado Department of

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Corrections' Code of Penal Discipline (COPD). A three-member board dismissed two of the charges and found Preble guilty of the remaining three charges (i.e., robbery/extortion, dealing in dangerous drugs, and tampering with locks or security devices). As a result, Preble was sanctioned with thirty days of punitive segregation. Preble also alleges, but failed to establish below, that he was sanctioned with the loss of good-time credits. Plaintiff administratively appealed his convictions and, in doing so, obtained a reversal of his conviction for dealing in dangerous drugs. The remaining two convictions, however, were affirmed.

After exhausting his administrative remedies, Preble filed suit in Colorado state court challenging the two remaining disciplinary convictions. Preble alleged, in pertinent part, that his due process rights were violated because (1) he was not given sufficient notice of the circumstances giving rise to the tampering charge, and (2) the board did not expressly find reliable the information it relied upon from a confidential informant. Upon review, the state district court agreed with Preble that he was given insufficient notice of the tampering charge, and accordingly expunged that conviction. As for the remaining robbery/extortion conviction, the state district court remanded the matter to the disciplinary board to determine whether the confidential information it relied upon was reliable. Prison officials subsequently submitted an affidavit to the state district court, under seal, attesting to the reliability of the confidential information. Although Preble moved to strike the affidavit, the state district court denied Preble's motion and, based upon the affidavit, affirmed Preble's disciplinary conviction for robbery/extortion.

Preble appealed the state district court's ruling to the Colorado Court of Appeals (CCA). The CCA affirmed. In doing so, the CCA concluded, in pertinent part, that COPD regulations did not require the disciplinary board to make express findings of reliability on the record either prior to, or contemporaneously with, its decision on the merits. The CCA further concluded that, in light of the submission of the affidavit to the state district court, and the contents of that affidavit, Preble's due process rights were not violated by his disciplinary conviction for robbery/extortion. The Colorado Supreme Court subsequently denied Preble's petition for writ of certiorari.

Preble then filed this federal habeas proceeding challenging his remaining disciplinary conviction. In his petition, Preble argued that the disciplinary board violated his due process and liberty rights by failing, prior to convicting him of robbery/extortion, to expressly find that the confidential information submitted to it was reliable. Preble also argued that the state district court violated his due process rights by remanding the matter to the disciplinary board and ultimately allowing prison officials to submit a supplemental affidavit attesting to the reliability of the confidential information.

The district court dismissed Preble's petition, concluding, in pertinent part, that (a) Preble had failed to establish the violation of any protected liberty interest, (b) there was no legal authority to support Preble's asserted due process violations, (c) the disciplinary hearing board properly determined the reliability of the confidential information, and (d) Preble's disciplinary conviction for robbery/extortion was supported by some evidence. The district court subsequently denied Preble's request for a COA. Preble has now

renewed that request with this court.

## II.

The denial of a state prisoner's petition for federal habeas relief pursuant to 28 U.S.C. § 2241 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In applying these standards to Preble's request for COA, we note that, because his claims have already been adjudicated in state court, we could not grant him federal habeas relief unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d).

After reviewing the record on appeal, we are convinced that Preble cannot satisfy these demanding standards. The Supreme Court has held that, with regard to prison disciplinary proceedings, due process demands only that there be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). Although several federal circuit courts have held that the

"some evidence" standard will not be satisfied by information from a confidential informant absent additional evidence establishing the reliability of the confidential informant, e.g., Richards v. Dretke, 394 F.3d 291, 294 (5th Cir. 2004), the Supreme Court has never addressed this issue. Nor, in turn, has the Supreme Court ever addressed whether due process requires a disciplinary hearing officer or board to make express findings of reliability regarding information provided by a confidential informant. Thus, Preble cannot demonstrate that the CCA's resolution of his due process claims was contrary to clearly established federal law as determined by the Supreme Court.

The request for a COA is DENIED and the matter is DISMISSED. The motion to proceed in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge